**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KYLE ROGER HARRISON,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>FLOYD M. WILLOUGHBY, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 24-cv-2369-BEN<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)** |

　　　Plaintiff, a non-prisoner proceeding pro se, has filed a proposed Complaint and a motion for leave to proceed in forma pauperis ("IFP"), rather than paying the regular filing fee as required by 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  This Court finds Plaintiff's affidavit of no assets is sufficient to show he is unable to pay the fees or post securities required to maintain this action.  Accordingly, the Court grants Plaintiff's Motion to Proceed IFP.

**Sua Sponte Screening per 28 U.S.C. § 1915(e)(2)**

A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*). Prior to its amendment by the Prison Litigation Reform Act, the former 28 U.S.C. §1915(d) permitted *sua sponte* dismissal of only frivolous and malicious claims. *Id.* at 1130. The newly enacted 28 U.S.C. § 1915(e)(2), however, mandates that the court reviewing a complaint filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Fed. R. Civ. P. 4(c)(2). *Lopez*, 203 F.3d 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting the "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

Plaintiff says that he is a resident of Manitowoc, Wisconsin. Plaintiff's new 414-page Complaint is a rehash of his 2018 lawsuit filed in the United States District Court for the Eastern District of Wisconsin. In that case, Plaintiff alleged a wide-ranging conspiracy among various family members, companies, and Illinois state court judges and lawyers to steal his farmland, pocket his trust income, and threaten him into silence through a "sham" criminal prosecution. The district court dismissed the case based on a frivolity review under 28 U.S.C. §1915(e) finding the claims barred by the *Rooker-Feldman* doctrine. *See Harrison v. Moultrie County Illinois,* slip op., Case No. 18-C-0957 (E.D. Wisc. Nov. 12, 2018). On appeal, the case was mostly affirmed, remanding only the claim for malicious prosecution to be stayed while the state prosecution case continued -- based on the *Younger v. Harris* abstention doctrine. *See Harrison v. Moultrie County, Illinois,* Appeal No. 18-3694 (7th Cir. May 20, 2019) (unpublished). In 2024, the Eastern District of Wisconsin noted that the Illinois criminal case remained

open – primarily because Plaintiff Harrison remains a fugitive with an Illinois state warrant for his arrest outstanding.  Consequently, the Eastern District Court continued to stay his civil case under *Younger.  See Harrison v. Moultrie County Illinois,* slip op., Case No. 18-C-0957 (E.D. Wisc. May 30, 2024).  Recently, that decision was also upheld on appeal.  *See Harrison v. Moultrie County, Illinois,* Appeal No. 24-2074 (7th Cir. Oct. 21, 2024) (unpublished).  In affirming, the appeals court surmised that Plaintiff may be trying to improperly manipulate the federal courts.  The Seventh Circuit observed, "[b]y placing himself outside of Illinois's reach in the state criminal case, Harrison may be attempting to manipulate  that proceeding through this federal litigation . . . [and] Harrison is now forcing the federal courts to stay on the sidelines indefinitely." *Id*. at *3. It concluded that "[u]nder these circumstances, the district court need not keep this case lingering on its docket. . . ." *Id*. at *3-4.

  In passing § 1915(e), Congress was well aware that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  Consequently, Congress included subsection (e), which allows the courts to dismiss an in forma pauperis complaint if the action is frivolous, or malicious, or fails to state a claim for relief. *Id*. *Denton* recognized that "the statute's instruction that an action may be dismissed if the court is "satisfied" that it is frivolous indicates that frivolousness is a decision entrusted to the discretion of the court entertaining the in forma pauperis petition." *Id*. at 33.

  The doctrine of res judicata, or claim preclusion, bars the re-litigation of "any claims that were raised or could have been raised" in a prior action.  *Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 713 (9th Cir. 2001).  The doctrine applies to *in forma pauperis* decisions as well as others.  *Denton*, 504 U.S. at 34 (a §1915 dismissal "could, however, have a res judicata effect on frivolousness determinations for future in forma pauperis petitions.") (citation omitted).  The decision to dismiss and stay Plaintiff's

claims in the Eastern District of Wisconsin, affirmed on appeal, has res judicata effect on many, if not all, of the same claims Plaintiff brings here.

Consequently, in this case, Plaintiff's claims are frivolous, malicious, fail to state a claim, are barred by the doctrine of res judicata, or would be barred by the *Rooker-Feldman* doctrine. Moreover, any claim that survived would be indefinitely stayed pursuant to the *Younger* abstention doctrine until Plaintiff submits himself to the jurisdiction of the Illinois criminal courts.

Given these circumstances, the Court finds Plaintiff's Complaint should be dismissed under §1915(e)(2).

**Conclusion**

For these reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed IFP is granted. The Complaint is dismissed with prejudice and without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127, n.8 (9th Cir. 2000) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend."). The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED**.

DATED: May 2, 2025

_____
Hon. Roger T. Benitez
United States District Judge